# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ROBERT R. RODRIGUEZ, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION 12-00555-CG-B
)
WINN-DIXIE LOGISTICS, INC., )
)
    Defendant. )

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Winn-Dixie Logistics, Inc.'s Motion to Dismiss and Supporting Memorandum. (Docs. 9, 10). Defendant's motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Defendant's motion and memorandum, and Plaintiff's response in opposition, the undersigned RECOMMENDS that the motion be denied.

**I.   Background**

Plaintiff Robert Rodriguez filed the instant action against Winn-Dixie Logistics, Inc. on August 30, 2012. (Doc. 1). In his complaint, Rodriguez alleges that he is a Hispanic American who is HIV-positive. According to Rodriguez, he was hired by Winn-Dixie in June 2009, and in late 2010, he went on medical leave for his HIV condition. Rodriguez contends that upon his return to work, Defendant and its agents began treating him differently and harassing him, including calling him

slanderous names and forcing him to leave the store to take his medication. Rodriguez alleges that Defendant fabricated a reason to terminate him in 2011, and that he was unlawfully harassed and discharged because of his national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. Rodriguez further contends that Defendant failed to reasonably accommodate his disability, harassed him and discharged him due to his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a). Rodriguez has also asserted claims for intentional infliction of emotional distress and outrage. (Id.).

Defendant Winn Dixie filed the instant motion seeking the dismissal of Plaintiff's complaint. Winn Dixie asserts that Rodriguez's Title VII and ADA claims should be dismissed because they were untimely filed. According to Winn Dixie, Rodriguez admits he received his right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC") on May 31, 2012; however, his complaint was not filed until August 30, 2012, which is 91 days later, and outside of the limitations period. Winn Dixie contends that Rodriguez's emotional distress and outrage claims should be dismissed as well because his allegations do not rise to the level of egregiousness required to establish the tort of outrage or emotional distress. (Doc. 10 at 6-7).

In Rodriguez's response in opposition to Defendant's motion, he argues that his Title VII and ADA claims are not untimely. (Doc. 14). Rodriguez acknowledges that 90 days from his receipt of his right-to-sue notice was August 29, 2012, but contends that because this Court was closed due to tropical storm Isaac, under Rule 6 of the Federal Rules of Civil Procedure, the deadline was extended to the to August 30, 2012, which is the date on which he filed his complaint.[1] Rodriguez further asserts that his emotional distress and outrage claims should not be dismissed because his allegations go beyond mere termination and are sufficient to state a claim for the tort of outrage.

## II.     Discussion

**A. Legal Standard**

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not

---

[1] In his complaint, Rodriguez acknowledges that he received his right-to-sue notice on May 31, 2012. (Doc. 1 at 1).

3

required to draw Plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**B. Title VII/ADA**

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to

4

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

After exhausting administrative remedies, an individual with a claim under Title VII or the ADA[2] may initiate a civil lawsuit. Upon receiving a right-to-sue letter from the EEOC, a plaintiff has ninety days to file a complaint. 42 U.S.C. § 2000e-5(f)(1). The time limit is non-jurisdictional and is therefore subject to equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982).

As noted *supra*, Plaintiff acknowledges that his complaint was filed 91 days after receipt of his right-to-sue notice, and argues that it is timely under Fed. R. Civ. P. 6 because the courthouse was closed on the 90th day; thus, the Clerk's office

---

[2] The ADA also provides for a 90-day statute of limitations, as it expressly incorporates the enforcement mechanisms contained in Title VII, 42 U.S.C. § 2000e-5. See 42 U.S.C. § 12117(a); see also Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999).

5

was inaccessible. Winn Dixie argues that the complaint is untimely because although the courthouse was officially closed on the 90th date, the Clerk's office was still accessible by electronic filing. Fed. R. Civ. P. 6(a)(3)(A) provides:

> Inaccessibility of the Clerk's Office. Unless the court orders otherwise, if the clerk's office is inaccessible:
>
> (A) on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday.

Recently, in Chao Lin v. United States Attorney General, 677 F.3d 1043, 1045 (11th Cir. 2012), a panel of the Eleventh Circuit held that "[o]fficial closure of the Clerk's office for any reason makes that office 'inaccessible.'" Lin involved application of Rule 26(a) of the Federal Rules of Appellate Procedure, which tracks the language of Rule 6 with regards to "computing time." The plaintiffs in Lin argued that their petition for review of a decision of the Board of Immigration Appeals should be deemed timely because they paid a commercial parcel service to deliver the petition, but due to inclement weather, the delivery service was not able to reach the court. The Court observed that "[o]fficial closure of the Clerk's office for any reason makes that office 'inaccessible,' . . . but whether a clerk's office may be considered 'inaccessible' when it is *open* for business is another matter." Id. (citations

6

omitted and emphasis added). The Court held that because the Clerk's office was not physically inaccessible due to inclement weather, and the plaintiffs did not allege that they lacked internet access to file their petition electronically, they failed to establish that the Clerk's office was inaccessible. Id. at 1046; see also Southwestern Elec. Power Co. v. Certain Underwriters at Lloyd's of London, 2012 U.S. Dist. LEXIS 165208, *4-5 (W.D. La. Nov. 19, 2012)(where the clerk's office was closed due to Hurricane Isaac on the 30th day following the filing of a notice of removal, plaintiff's motion to remand, which was filed on the 31st day, was deemed timely pursuant to Fed. R. Civ. P. 6(a)(3)(A)).

In the case at hand, the undersigned has confirmed with the Clerk's Office that the courthouse (including the Clerk's Office) was closed on August 29, 2012 due to Hurricane Isaac; thus, pursuant to Rule 6, the deadline for filing Rodriguez's complaint was extended to the next business day, August 30, 2012. Because Rodriguez filed his complaint on August 30, 2012, it was timely filed. Accordingly, it is recommended that Defendant's motion to dismiss Rodriguez's Title VII and ADA claims as untimely be denied.[3]

---

[3] Defendant's reliance on Shareef v. Donahoe, 2012 U.S. Dist. Lexis 37150 (W.D.N.C. March 20, 2012) is of no moment because that case involved a situation in which the Clerk's office was closed for a couple of hours in the afternoon, as opposed to the

7

**C. Intentional Infliction of Emotional Distress/Outrage**

Winn Dixie also asserts that Rodriguez's claims for outrage/intentional infliction of emotional distress should be dismissed for failure to state a claim upon which relief may be granted. In order to recover on the tort of outrage,[4] a plaintiff must demonstrate that the defendant's conduct "(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." Green Tree Acceptance, Inc. v. Standridge, 565 So. 2d 38, 44 (Ala. 1990) (citation omitted). The Alabama Supreme Court has "consistently held that the tort of outrage is a very limited cause of action that is available only in the most egregious circumstances. As a consequence, . . . in a large majority of outrage cases [Alabama courts have held] that no jury question was presented." Thomas v. BSE Indus. Contractors, Inc., 624 So. 2d 1041, 1044 (Ala. 1993) (citing multiple cases). Notwithstanding the high threshold of proof for an outrage cause of action, "Alabama courts have recognized the viability of such claims in the employment

---

complete closure of the entire courthouse for the duration of the day. In addition, the court in that case assumed, without deciding, that Rule 6 was not applicable to that situation.

[4] In Alabama, claims for intentional infliction of emotional distress are treated the same as outrage claims. Thomas v. Williams, 21 So. 3d 1234, 1237 (Ala. Civ. App. 2008)(outrage and intentional infliction of emotional distress are the same tort).

8

context in appropriate circumstances." Lees v. Sea Breeze Health Ctr., Inc., 391 F. Supp. 2d 1103, 1107 (S.D. Ala. 2005); see also American Road Serv. Co. v. Inmon, 394 So. 2d 361, 364 (Ala. 1981)(observing that "an employer, by virtue of his position, possesses no roving license to treat his employee in an extreme and outrageous manner, whether before, during, or after their relationship.").

As aptly noted by Chief Judge Steele,

> Review of pertinent Alabama authorities reveals that the line of demarcation between non-actionable outrage claims and actionable outrage claims in the employment arena is found in the determination of whether the termination is for reasons that contravene public policy. Where a plaintiff complains that her discharge contravenes public policy, particularly if the discharge was the culmination of a protracted pattern of discrimination in violation of public policy, she may properly pursue a claim of outrage because the violation of public policy furnishes the requisite 'sound of fury' to accompany the termination.

Lees, 391 F. Supp. 2d at 1107; see also Hall v. Infirmary Health Sys., 2007 U.S. Dist. LEXIS 18104, *24 (S.D. Ala. 2007)(court held that where the plaintiff's complaint alleges that her employer fired her for taking medical leave in order to undergo seven abdominal surgeries over an eight-month period, and that the defendants' conduct in that regard violated the public policy of the State of Alabama, at the motion to dismiss stage, the court would not discount the possibility that the alleged

9

conduct could be found to offend the public policy of the State of Alabama.)

In the case at hand, Rodriguez alleges that in the winter of 2010, he went on medical leave for treatment of his HIV condition, and that upon his return to work at the end of December 2010, Defendant and it agents began to treat him differently. Rodriguez contends that they began to make fun of him, called him slanderous names, and denied his request for a transfer in order to escape the harassment. According to Rodriguez, he was forced to leave the store in order to take his medication, and in May 2011, Defendant fabricated a reason to terminate his employment. The undersigned finds that while it is questionable whether Rodriguez will be able to produce evidence sufficient to meet the high egregious standard required by Alabama courts in order to prevail on a claim of outrage, viewing the facts in the light most favorable to Rodriguez at this stage of the litigation, he has alleged facts that if proven, would arguably establish that Defendant's alleged harassment and mistreatment of him on account of his national origin and HIV condition violated public policy, and thereby allow him to prevail on his outrage claim. Accordingly, the undersigned recommends that Defendant's motion to dismiss Rodriguez's outrage claim should be denied.

## III. Conclusion

Based on the foregoing, the undersigned RECOMMENDS, for the reasons stated herein, that Defendant's motion to dismiss (Doc. 9) be DENIED.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **26th day of August, 2013.**

                                        **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**